# EXHIBIT N

THE STATE OF NEW HAMPSHIRE
SUPREME COURT

**LD-2006-0008**

PETITION OF ARTHUR GINSBERG

**PETITIONER'S MOTION FOR LEAVE TO FILE A REPLY TO RESPONDENT PCC'S OBJECTION TO PETITIONER'S MOTION FOR AN ORDER DIRECTING THE PROFESSIONAL CONDUCT COMMITTEE TO FILE A CERTIFIED COPY OF THE ENTIRE RECORD OF THE PROCEEDINGS HELD IN THE UNDERLYING ATTORNEY DISCIPLINE CASE DOCKETED IN 2002 AS #02-131 AND CAPTIONED GRIFFITH, JOHN P. advs. ARTHUR GINSBERG**

**This pleading was prepared with the assistance of New Hampshire attorneys.**

Now comes Arthur Ginsberg, appearing in his *pro se* capacity, and pursuant to Supreme Court Rule 21(3-A), respectfully requests leave to file a reply memorandum in response to the Respondent Professional Conduct Committee's ("PCC") objection[1] to Petitioner's motion seeking an order directing the PCC to file a certified copy of the entire record of the proceedings held in the underlying attorney discipline case, which the PCC docketed in 2002 as #02-131 and captioned: Griffith, John P. advs. Arthur Ginsberg. In support thereof the Petitioner states:

1.      Although Supreme Court Rule 21(3-A) provides that a reply to an objection may not be filed "without permission of the court received in advance," the Petitioner believes that sufficient facts must nevertheless be succinctly provided to inform and assist the Court in determining whether to grant leave to file a reply memorandum. Accordingly, the Petitioner is submitting a concise preview of salient issues.

2.      Paragraph 8 (pg. 4) of the PCC's objection proposes that the Petitioner is estopped from claiming before this Court that the certified record is incomplete because he had failed to object

---

[1]  The PCC's objection to the Petitioner's motion was erroneously captioned as a "REPLY." Opposition to a moving party's motion is customarily captioned as an "OBJECTION" and a response to that objection by the moving party should be captioned as a "REPLY." See, e.g.: Supreme Court Rule 21(3).

to "the limited nature of the record before the Committee." The foregoing distorts the facts and misconstrues the law.   While the discipline case was pending before the PCC, the Petitioner was never informed of the extent or contents of the record that was before the PCC for consideration, with the exception that the Petitioner was obviously aware of his own submissions to the PCC but without knowledge whether his submissions were actually included in the record before the PCC.[2]   As a matter of law, this Court has already decided that the doctrine of preserving appeal issues does not have any application to Rule 11 proceedings when this Court's original jurisdiction has been correctly invoked.

3.     The Respondent PCC relies heavily on the revision to PCC proceedings, which became effective on January 1, 2004 when the Petitioner's complaint was pending but not fully adjudicated by the PCC.   The PCC has essentially proposed that with regard to the records this Court ordered to be produced, a meaningful distinction or bright line can be drawn between prior and post January 1, 2004 PCC proceedings involving the same attorney discipline case.

4.     The PCC's bright line distinction can be shown to be essentially irrelevant by simply relying on a post January 1, 2004 commitment and statement of responsibility made by PCC Disciplinary Counsel on March 10, 2004 (exhibited at pg. 8 of Petitioner's opening motion), wherein Attorney McCafferty wrote:

> As Disciplinary Counsel, it is my duty to review each of the files that the Professional Conduct Committee recommended for hearing under the old system.

5.     PCC Attorney McCafferty's rationalization for limiting the record presented to this Court is at best severely reductionist resulting in a seemingly absurd consequence.   Attorney McCafferty has argued that the change in the PCC procedural rules effectively limits the record that may be reviewed by this Court to documents docketed by the PCC after January 1, 2004.

---

[2]   There is nothing in the PCC's amended procedural rules suggesting that the PCC had adopted a new process of limiting the actual record under consideration by cherry picking through the documents filed in an attorney discipline case.  Such a procedure without adequate notice to the participants would obviously raise serious due process issues for the attorney subject to the disciplinary process, if not for the complainant.  The Petitioner suggests this Court has also been unaware of this seemingly unfair process.

2

On the other hand, Attorney McCafferty proclaimed that her review of the Petitioner's complaint was initiated well after January 1, 2004, but because her review concerned records docketed prior to January 1, 2004, those records are not available to this Court.

6.      Indubitably, without the records upon which a decision is based this Court cannot reasonably determine the validity of that decision.  Attorney McCafferty's post January 1, 2004 decision to reverse the findings made by Attorney Dewhirst and the PCC prior to January 1, 2004 is now one of the issues before this Court and for reasons only known to PCC Attorney McCafferty and the current PCC membership; a manifestly absurd argument has been crafted with the clear objective of concealing those records.

WHEREFORE, the Petitioner respectfully requests that this Court issue an order granting the Petitioner leave to file a reply memorandum in response to the Respondent Professional Conduct Committee's objection, and grant such further or other relief as justice requires.

Respectfully submitted,

_____
Arthur Ginsberg
10 Glendale Dr.
Nashua, NH 03064

3

## CERTIFICATE OF SERVICE

I hereby certify that, on November 22, 2006, I caused copies of the foregoing motion to be forwarded by prepaid First Class U.S. Mail, addressed to:

Landya McCafferty, Disciplinary Counsel
Professional Disciplinary Committee
4 Park Street
Concord, NH 03301

Professional Disciplinary Committee
4 Park Street
Concord, NH 03301

Attorney John P. Griffith
1020 Isaac Frye Highway
P.O. Box 1208
Wilton, NH 03086

_____
Arthur Ginsberg
