# EXHIBIT O

# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

Petition of Arthur Ginsberg

LD-2006-0008

## REPLY TO PETITIONER'S 11/7/06 MOTION

NOW COMES Landya B. McCafferty, Disciplinary Counsel of the New Hampshire Supreme Court Attorney Discipline Office, and responds to "Petitioner's Motion for an Order Directing the Professional Conduct Committee to File a Certified Copy of the Entire Record of the Proceedings Held in the Underlying Attorney Discipline Case Docketed in 2002 as #02-131 and Captioned Griffith, John P. advs. Arthur Ginsberg" (hereinafter referred to as "Petitioner's 11/7/06 Motion").

1. On October 18, 2006, this Court issued an Order in this case directing that:

> On or before November 17, 2006, the Professional Conduct Committee shall file a certified copy of the record of proceedings before the committee. Upon

1

     receipt of the certified record, a briefing schedule will be issued.

2. On October 27, 2006, and in accordance with the above Order, the Committee forwarded to the Court a "certified copy of the record of proceedings before the Committee."

3. Mr. Ginsberg attaches various documents to Petitioner's 11/7/06 Motion, claiming that the documents are examples of pieces of "the record" that the Committee neglected to file with the Court. Mr. Ginsberg is mistaken. The documents Mr. Ginsberg attaches are part of the voluminous public file in this matter. However, the record before the Committee was far more limited and consisted of exactly that which the Committee has forwarded to the Court.

4. In paragraph 8 of Petitioner's 11/7/06 Motion, Mr. Ginsberg further asserts that he

> anticipates that this Court shall wish to determine as a matter of law whether the January 1, 2004 changes to the PCC procedural rules effectively empowered newly appointed Disciplinary Counsel to unilaterally vacate a PCC decision to conduct a hearing, which had been ordered because there had been found

2

        (by Attorney Dewhirst and the PCC) probable cause to believe that Attorney Griffith had violated specific Rules of Professional Conduct. This Court may wish to peruse the whole record of the underlying PCC proceedings so as to be able to accurately determine the real basis and actual authority for the seemingly inconsistent actions.

5. However, the Court need not determine this question as it is already settled by Supreme Court Rules 37(23) and 37A(III) which provide that the newly amended Rules 37 & 37A "shall not apply to any disciplinary matter pending before the Committee on January 1, 2004, in which prior to that date the Committee has determined that formal proceedings shall be held <u>and</u> the hearing panel has concluded its evidentiary hearing." (Emphasis added).

6. On January 1, 2004, Mr. Ginsberg's complaint against Mr. Griffith did not fall within this exemption because a hearing panel had not yet been convened and no evidentiary hearing had been conducted. As a result, Mr. Ginsberg's complaint was processed in accordance with the newly amended Rules 37 & 37A. <u>See</u> Rule 37(3)(c)(7) ("The professional conduct committee shall have the

3

power and duty . . . [t]o consider and act upon requests from disciplinary counsel to dismiss a matter prior to a hearing if disciplinary counsel concludes that the development of evidence establishes that there is no valid basis for proceeding to a hearing.").

7. Accordingly, Mr. Ginsberg's attempt to broaden the scope of this Court's review beyond that of the Committee's decision in this matter is foreclosed by the language of Rules 37 & 37A.

8. As a final matter, it is important to note that Mr. Ginsberg did not raise any objection below concerning the limited nature of the record before the Committee. He is therefore estopped from asserting this argument in his Petition.

9. This Court has before it the same record that was before the Committee. Briefing and oral argument should proceed on this record as scheduled by this Court.

WHEREFORE, the Attorney Discipline Office respectfully prays that this Honorable Court:

(A) Deny Petitioner's 11/7/06 Motion; and

(B) Grant such other relief as is fair and in the public interest.

Respectfully submitted,

THE STATE OF NEW HAMPSHIRE
SUPREME COURT
ATTORNEY DISCIPLINE OFFICE

4 Park Street, Suite 304
Concord, New Hampshire 03301
(603) 224-5828

Dated: November 13, 2006      By: _____
                                  Landya B. McCafferty
                                  Disciplinary Counsel

## CERTIFICATE OF SERVICE

I, Landya B. McCafferty, Disciplinary Counsel of the New Hampshire Supreme Court Attorney Discipline Office, certify that a copy of the aforesaid "Reply to Petitioner's 11/7/06 Motion" is being sent on this 13th day of November 2006, to John P. Griffith, Esquire, Griffith Law Office, 1020 Isaac Frye Highway, P.O. Box 1208, Wilton, New Hampshire 03086, and to Mr. Arthur Ginsberg, 10 Glendale Drive, Nashua, New Hampshire 03064, by regular mail postage prepaid.

_____
Landya B. McCafferty
Disciplinary Counsel