IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ARTHUR GINSBERG, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2010-cv-452-JL |
| JAMES L. DEHART, JOHN P. GRIFFITH, LANDYA B. MCCAFFERTY, MARGARET H. NELSON, AND DIANE M. NICOLOSI, | ) |
| Defendants. | ) |

**MOTION TO DISMISS COMPLAINT AGAINST
JOHN P. GRIFFITH AND INCORPORATED MEMORANDUM OF LAW**

Defendant John P. Griffith, Esquire ("Attorney Griffith"), by and through his counsel, Nelson, Kinder, Mosseau & Saturley, P.C., moves to dismiss the Plaintiff's complaint as against him for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and because any claim against him is barred under the statute of limitations. In support, Attorney Griffith states as follows.

## I.  INTRODUCTION

The plaintiff, Arthur Ginsburg, has brought this action in an effort to have certain procedural rules of the New Hampshire Attorney Discipline System declared unconstitutional. He also seeks an injunction ordering the production of certain records relating to the professional misconduct complaint that he filed against Attorney Griffith. Attorney Griffith has a private practice in Wilton, New Hampshire. The complaint does not allege that Attorney Griffith had any control over the making or the enforcement of the New Hampshire disciplinary rules. According

to the facts alleged in the plaintiff's complaint, Attorney Griffith's only involvement with the matter is that he was the respondent in the plaintiff's professional conduct complaint brought some eight (8) years ago. That complaint was dismissed more than four (4) years ago. This action fails to state a claim upon which relief can be granted and is untimely.

## II.     ARGUMENT

### A.     Standard of Review

A motion to dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(6) where the complaint lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

### B.     Section 1983 claims against Attorney Griffith fail to set forth any factual support for the allegation that he acted under the color of state law.

To set forth a claim under 42 U.S.C. § 1983, a plaintiff must allege 1) interference with a constitutionally protected right, by 2) someone acting under the color of state law. *Destek Group v. N.H. Pub. Util.*, 318 F. 3d 32, 39 (1st Cir. 2003). "It is, by this time, well settled that neither section 1983 nor the Fourteenth Amendment reaches private actions." *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 95 (1st Cir. 1990). In general, an attorney's conduct is not considered to be "under color of state law." *Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986) (court-appointed private attorney does not act under color of state law). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (public defender not acting under color of state law while exercising professional judgment during criminal proceeding); *Broadley v. Hardman*, 301 Fed.Appx. 4, 2008

WL 5158898, 2-3 (1st Cir. Dec. 10, 2008) (issuance of subpoena by private attorney was not under color of state law).

> In cases where a private party is charged with a § 1983 violation, the claimant must allege that either (1) the financial or regulatory relationship between the state and the private actor is sufficiently strong that the private entity's actions are deemed to be the actions of the state; (2) the private actor allegedly exercised an exclusively public function; or (3) a symbiotic relationship existed between the state and the private actor.

*Penney v. Town of Middleton*, 888 F.Supp. 332, 341 (D. N.H. 1994) (citing *Rodriguez- Garcia*, 904 F.2d at 96-97).  Failure to allege such facts warrants dismissal of the section 1983 claim.  *Id.*

The plaintiff here has failed to allege any factual support for the claim that Attorney Griffith acted under the color of state law.  The plaintiff describes Attorney Griffith as follows:

> Defendant John P. Griffith is a lawyer admitted to the New Hampshire Bar and, at the relevant time, he was the respondent to a Professional Misconduct complaint originally filed by the Plaintiff in 2002, and docketed as #02-131 by the New Hampshire Supreme Court Professional Conduct Committee.

Complaint ¶ 13.  The plaintiff later alleges that Attorney Griffith had represented the New Hampshire Professional Conduct Committee ("NHPCC") in a separate matter before the New Hampshire Supreme Court when plaintiff filed his disciplinary complaint in 2002.  *Id.* at ¶ 19-20.  Although he later asserts that "the Defendants were state actors," he makes no factual allegations that Attorney Griffith continued this relationship with the NHPCC during the course of the disciplinary proceedings that the plaintiff filed against him.  *Id.* at ¶¶ 72, 80, 86, 92.  In fact, the plaintiff's own complaint makes it clear that the NHPCC ended whatever relationship it had with Attorney Griffith to avoid a conflict of interest.  *Id.* at ¶ 21.  As a respondent to the state attorney disciplinary proceedings, Attorney Griffith did not act under the color of state law.  *See Earnest v. Lowentritt*, 690 F. 2d 1198, 1200 (5th Cir. 1982) (a private litigant "acts under color of state law only when there is corruption of judicial power" by the litigant).

The remaining count in the complaint appears to seek an injunction under New Hampshire's Right-to-Know Law, RSA 91-A. Complaint ¶¶ 97-99. This statute provides remedies against public bodies and agencies, but not against private citizens like Attorney Griffith acting in their individual capacity. *See* RSA 91-A:8. The plaintiff fails to allege that Attorney Griffith was in anyway involved in the withholding of the records of his disciplinary proceeding. *Id.* at ¶¶ 97-99. Nor does he allege that Attorney Griffith has any authority, power or interest in the actions of the NHPCC or the New Hampshire Supreme Court with regard to the specified procedural rules. *Id.* at ¶ 13. In short, the complaint fails to state any claim against Attorney Griffith.

    **C.    As Attorney Griffith's involvement in the disciplinary action ended more than four years ago, the three year statute of limitations period for personal actions in New Hampshire bars the claims.**

The New Hampshire statute of limitations for personal actions is three years. RSA 508:4. According to the facts pleaded in the complaint, the NHPCC dismissed the disciplinary complaint against Attorney Griffith on July 18, 2006. Complaint ¶ 32. He makes no allegations in his complaint against Attorney Griffith after this point. *Id.* at ¶¶ 32-47. This dismissal occurred more than four years ago. *Id.* at ¶ 32. No personal action may be brought more than three (3) years after the cause of action accrued. RSA 508:4; *Wilson v. Garcia*, 471 US 261, 276 (1985) (applying the statute of limitations period for personal injuries of the forum state in section 1983 cases); *Nieves v. McSweeney*, 241 F. 3d 46, 51 (1st Cir. 2001) (federal courts must "borrow the forum state's limitation period governing personal injury causes of action" when adjudicating a section 1983 claim).

### III. CONCLUSION

For these reasons, the allegations against Attorney Griffith are untimely and the complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Due to the dispositive nature of this motion, the plaintiff's concurrence has not been sought. No memorandum of law accompanies this Motion, as all relevant authority is cited herein.

WHEREFORE, the defendant, John P. Griffith, Esquire, respectfully requests that this Honorable Court grant the following relief:

A. Dismiss the plaintiff's complaint in its entirety as against Attorney Griffith pursuant to Fed. R. Civ. P. 12(b)(6);

B. Dismiss the plaintiff's complaint in its entirety as against Attorney Griffith because it is untimely under the statute of limitations; and

C. Grant such other and further relief as deemed just and proper.

Respectfully submitted,

JOHN P. GRIFFITH

Date: November 4, 2010

By his Attorneys,

NELSON, KINDER, MOSSEAU & SATURLEY, P.C.

*s/s John C. Kissinger, Jr., Esquire*
John C. Kissinger, Jr., Esquire (Bar No. 10245)
99 Middle Street
Manchester, NH 03101
(603) 647-1800
Email jkissinger@nkms.com

## CERTIFICATE OF SERVICE

I, John C. Kissinger, Jr., Esquire, do hereby certify that a copy of the foregoing Motion to Dismiss has been filed electronically and forwarded to the plaintiff, pro se, Arthur Ginsburg, 10 Glendale Drive, Nashua, NH 03064-1634, via First Class U.S. Mail, Postage Prepaid.

Dated: November 4, 2010 *s/s John C. Kissinger, Jr., Esquire*
John C. Kissinger, Jr., Esquire (Bar No. 10245)