IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ARTHUR GINSBERG )<br>)<br>    v. )<br>)<br>JAMES L. DeHART, )<br>JOHN P. GRIFFITH, )<br>LANDYA B. McCAFFERTY, )<br>MARGARET H. NELSON, )<br>DIANE M. NICOLOSI, )<br>MAX DOES 1 through 12, )<br>MAXINE DOES 1 through 12, )<br>NED ZOES 1 through 12, )<br>NADINE ZOES 1 through 12, ) | Case No. **1:10-cv-00452** |

**CORRECTED MOTION TO ADD A PARTY DEFENDANT
PURSUANT TO RULE 21
OF THE FEDERAL RULES OF CIVIL PROCEDURE
WITH INTEGRATED MEMORANDUM OF LAW**

    NOW COMES Plaintiff, appearing in his pro-se capacity, and respectfully moves the Court to allow addition of a party defendant pursuant to Rule 21 of the Federal Rules of Civil Procedure (hereinafter "Fed. R. Civ. P."). In support thereof, the Plaintiff states:

1. The Plaintiff has challenged the constitutionality of New Hampshire Supreme Court Rules 37(5)(c), 37A(II)(a)(6), and 37A(IV)(a)(2). Those rules were crafted and promulgated by Judges of the New Hampshire Supreme Court.

2. The Plaintiff neglected to include a party defendant competent to answer the allegations concerning the aforementioned Supreme Court Rules.

3. The recently retired Chief Justice of the New Hampshire Supreme Court, John Broderick, is believed to have been a

member of the Supreme Court when the forgoing Supreme Court Rules were enacted.

4. The Plaintiff therefore requests that the Honorable John Broderick be added as an indispensible party under Fed. R. Civ. P. Rule 19(a).  *Blacks v. Mosley Machinery Co.*,57 FRD 503 (ED Pa 1972).

5. Under Fed. R. Civ. P. Rule 21, a motion to add a party may be made "at any stage of the action", but it is preferable to move to add a party as early as possible in order to avoid prejudice or delay.  *International Brotherhood of Teamsters v. AFL & CIO*, 32 FRD 441 (ED MICH 1963).

6. Insofar as Rule 21 relates to the addition of parties, it is intended to permit the addition of a person who, through inadvertence, mistake, or for some other reason, was not made a party and whose inclusion as a party is determined to be necessary or desirable.  *Fair Housing Development Fund v. Burke*, 55 FRD 414 (ED NY 1972).

7. A motion under Fed. R. Civ. P. Rule 21 to add parties is addressed to the sole discretion of the court.  *Soler v. G & U Inc.*, 30 FR Serv2d. 913 (SD NY  1980).

8. The general standard by which the court is guided in ruling on a motion to add parties is the same standard of liberality afforded to motions to amend pleadings under Fed. R. Civ. P. Rule 15.  *Fair Housing Development Fund v. Burke*, 55 FRD 414 (ED NY 1972); *Rollins Burdick Hunter Inc. v. Lemberger*, 105 FRD 631 (ED WIS 1985).

9. The Plaintiff has not previously requested similar relief.

10. The granting of this motion would not result in the continuance of any hearing, conference, or trial.

11. The Plaintiff has made a good faith effort to obtain concurrence in the relief requested by this motion.

12. Attorney Mary E. Maloney, representing Defendants James L. DeHart, Landya B. McCafferty, Margaret H. Nelson, and Diane M. Nicolosi, has informed the Plaintiff that "the State objects to both the Motion to Stay and the Motion to Add Party."

13. Attorney John C. Kissinger, representing Defendant John P. Griffith, has informed the Plaintiff that "[o]n behalf of Attorney Griffith, we take no position on your motion to add party…"

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter an order granting the within motion and allowing the Plaintiff to add the Honorable John Broderick as a Defendant.

B. Grant such other relief as is just and equitable.

Respectfully submitted,

Dated: November 23, 2010

/s/ Arthur Ginsberg
Arthur Ginsberg
10 Glendale Dr.
Nashua, NH 03064
aginsberg@comcast.net

_____

### CERTIFICATE OF SERVICE

I, Arthur Ginsberg hereby certify that on this 23rd day of November 2010, I served copies of the foregoing Motion on all Counsel of Record via ECF.

/s/ Arthur Ginsberg
Arthur Ginsberg