UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Arthur Ginsberg

      Plaintiff

v.

James L. DeHart,
John P. Griffith,            Case No. 10-cv-452-JL
Landya B. McCafferty,
Margaret H. Nelson,
Diane M. Nicolosi,
Max and Maxine Does 1-12,
Ned and Nadine Zoes 1-12

      Defendants

**OBJECTION TO PLAINTIFF'S "CORRECTED MOTION TO STAY PROCEEDINGS PENDING COURT ACTION ON PLAINTIFF'S MOTION TO ADD A PARTY WITH INTEGRATED MEMORANDUM OF LAW"**

Defendants James L. DeHart, Esq., Margaret Nelson, Esq., the honorable Diane M. Nicolosi, and the honorable Landya B. McCafferty (collectively "NHADO defendants") submit this *Objection to Plaintiff's "Corrected Motion to Stay Proceedings Pending Court Action on Plaintiff's Motion to Add a Party with Integrated Memorandum of Law."* An additional memorandum of law is unnecessary as the objection does not rely on an analysis of legal authorities or facts outside those alleged by the plaintiff. LR 7.1(a)(2).

  1. The plaintiff has requested a stay with respect to the NHADO defendants' motion to dismiss in order to allow the plaintiff to add an additional party.

  2. For the reasons set forth in its objection to the plaintiff's motion to add a defendant, the plaintiff's motion to add should be denied.

3. In addition, the plaintiff has provided no reason why the requested addition of a party defendant should result in an extension of time to file a response to the NHADO defendants' motion to dismiss.

4. The plaintiff merely states: "The granting of the Plaintiff's motion to add a party defendant would essentially render the pending motions to dismiss as moot." *Motion to Stay*, ¶ 10.[1]

5. The plaintiff offers no support for this proposition.

6. Contrary to the plaintiff's position, only one paragraph of the NHADO defendants' twenty-four page memorandum of law discusses the plaintiff's failure to include a necessary party. Regardless of any additional party, all of the NHADO defendants' other arguments are and will remain valid.

7. In addition, nothing is preventing the plaintiff from responding to the NHADO defendants' argument regarding necessary parties immediately. For instance, the plaintiff could merely state that he has sought leave to join an additional party. The plaintiff could then respond to the NHADO defendants' remaining arguments.

8. It appears that the plaintiff merely views this as an opportunity for delay.

9. The plaintiff has, therefore, presented no reason why a stay should be granted and his request should be denied.

> WHEREFORE, for the reasons stated previously herein, the NHADO defendants respectfully request that the court deny the plaintiff's *"Corrected Motion to Stay Proceedings Pending Court Action on Plaintiff's Motion to Add a Party with Integrated Memorandum of Law."*

---

[1] References to the plaintiff's motion shall be given as *Motion to Stay*, ¶ __.

Respectfully submitted,

JAMES L. DeHART,
MARGARET H. NELSON
DIANE M. NICOLOSI
LANDYA B. MCAFFERTY

By their attorneys,

MICHAEL A DELANEY
ATTORNEY GENERAL

/s/   K. Allen Brooks
K. Allen Brooks, Bar No. 16424
Senior Assistant Attorney General
33 Capitol Street
Concord, N.H.  03301
Telephone:  (603) 271-3679

**Certificate of Service**

Dated: November 24, 2010

  I K. Allen Brooks, do hereby certify that on November 24, 2010, I caused the forgoing to be served on the parties by the Court's ECF system and by first class mail to: Arthur Ginsberg at 10 Glendale Drive, Nashua, NH 03064.

            /s/_____K. Allen Brooks__
            K. Allen Brooks, Bar No. 16424