# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| ARTHUR GINSBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NH Civil No. 10-452-JL |
| | ) | |
| JAMES L. DeHART, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON MOTION TO STAY (Doc. No. 20)

On November 23, 2010, Arthur Ginsberg filed a motion to stay these proceedings premised upon his mistaken assumption that "[t]here is a high probability that the Court will grant Plaintiff's motion to add the Honorable John Broderick as a party defendant."   (Mot. Stay ¶ 8, Doc. No. 20.) All parties have objected to the motion to stay because they have filed substantive motions to dismiss (Mots. Dismiss Doc. Nos. 14 & 15; Objs. Mot. Stay, Doc. Nos. 23 & 24) and they want this court to rule on those motions prior to any further proceedings.   Neither party's motion to dismiss is premised entirely upon the plaintiff's failure to name the Honorable John Broderick as a party defendant.   Griffith's motion to dismiss (Doc. No. 15) relies upon his status as a private attorney, a non-state actor, and the statute of limitations.   The admitted state actors' motion to dismiss (Doc. No. 14) relies upon lack of an actual controversy, the Eleventh Amendment to the Constitution of the United States, absolute or quasi-judicial immunity, qualified immunity, the First Amendment, and the fact that this court has no subject matter jurisdiction, in the absence of a federal question, to resolve matters of state law or the interpretation of the state constitution.   The state defendants also argue, as their final ground for dismissal, that Ginsberg has not named a

1

necessary party and that the New Hampshire Supreme Court, not Broderick, is a necessary party. (State Mem. at 22, Doc. 14-1.)   Ginsberg has not filed any timely opposition to the motions to dismiss and the matters have been referred to me by the District Court Judge for recommended decision.   However, before issuing my recommendation I believe it is appropriate to clarify the procedural posture of this matter.

In Ginsberg's Motion to Add a Party Defendant Pursuant to Rule 21 (Doc. No. 19) he states in conclusory language that the Honorable John Broderick should be added as an indispensible party under Federal Rule of Civil Procedure 19(a).   In his Motion to Stay, Ginsberg suggests that the reason for adding Broderick as a named defendant is that "he had neglected to include a party defendant competent to answer his complaint's allegations concerning the constitutionality of the New Hampshire Supreme Court Rules."   (Doc. No. 20, ¶ 2).   Ginsberg may not understand that on December 8, 2010, Chief Judge Woodcock struck his motion for joinder to add party (Doc. No. 19) from the record because it was a nonconforming document.   Ginsberg was notified by a clerk's docket entry on November 24, 2010, that his motion to amend was a non-conforming document under the New Hampshire Local Rule 15.1 because the motion was improperly filed under the wrong event and had to be re-filed with an attached Amended Complaint.   Ginsberg never complied with that directive, and Chief Judge Woodcock struck the pleading.   Thus, the premise of Ginsberg's motion to stay is moot.   This court will not be likely to grant a motion to add a party because that motion has been stricken from the record.     It appears Ginsberg never responded to the pending motions to dismiss because of his continuing belief that the motion to amend would be granted.

Lest Ginsberg be dismayed that his case has been lost on procedural grounds, I want to

assure him that I recognize he is a <u>pro se</u> litigant and his pleadings should be construed with some liberality.   I therefore construe his motion to stay as a request, given the present posture of the case, for additional time to file a substantive responsive to the issues raised by the motions to dismiss.   I will grant an extension to January 11, 2011, for him to file a response that addresses those issues raised by the motions to dismiss.   This is NOT a stay of the proceedings to allow the addition of any new parties to the litigation.   That horse has left the barn.   However, if, following ruling on the substantive issues raised by the current motions to dismiss, anything remains pending in this court, Ginsberg may seek leave to file a motion to amend, adding those parties he believes are indispensible,[1] and the defendants will have a chance to respond.   No such motion, however, can be filed until the motions to dismiss have been finally resolved.   Ginsberg should rest assured that the case will not be dismissed because of his failure to properly join Broderick as an indispensible party.   However, the defendants have raised numerous other issues which must be addressed, including the propriety of joining the New Hampshire Supreme Court as a party defendant.

The entry on the Motion to Stay will be that the motion is dismissed as moot, but the court will grant Ginsberg until January 11, 2011, to file substantive responses to the pending motions to dismiss.   The defendants' leave to file a reply will be governed by New Hampshire Local Rule 7.1 (e).

---

[1]      In fact, it does not appear that the Honorable John Broderick is currently affiliated in any way with the New Hampshire Supreme Court, given that Linda Dalianis was sworn in as Chief Justice on December 15, 2010.   Thus Broderick's status as an indispensible party is simply not true.

<u>CERTIFICATE</u>

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

***So Ordered.***

December 21, 2010                    /s/ Margaret J. Kravchuk
                                     U.S. Magistrate Judge