# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ARTHUR GINSBERG )<br>    )<br>    v.    )<br>    )<br>JAMES L. DeHART,    )<br>JOHN P. GRIFFITH,    )<br>LANDYA B. McCAFFERTY,    )<br>MARGARET H. NELSON,    )<br>DIANE M. NICOLOSI,    )<br>MAX DOES 1 through 12,    )<br>MAXINE DOES 1 through 12,    )<br>NED ZOES 1 through 12,    )<br>NADINE ZOES 1 through 12.   ) | Case No. 1:10-CV-00452-JAW |

PLAINTIFF'S OBJECTION TO MAGISTRATE-JUDGE'S
RECOMMENDED RULING ON MOTION TO STAY (Doc. 20).

NOW COMES Plaintiff, ARTHUR GINSBERG, appearing in his pro-se capacity, and respectfully files this objection addressing the Magistrate-Judge's recommended ruling on Motion to Stay (Doc. 20). In support thereof Plaintiff states as follows:

1. The Magistrate-Judge's recommended ruling appears to preclude the filing or consideration of an Amended Complaint in response to the pending motions to dismiss. The Magistrate-Judge appears to rely on a technical filing error committed by the Plaintiff (nonconforming document) when additionally prohibiting the Plaintiff's filing of a Motion to Add Parties. In relevant part, the Magistrate-Judge wrote:

> I therefore construe his motion to stay as a request, given the present posture of the case, for additional time to file a substantive responsive to the issues raised by the motions to dismiss. I will grant an extension to January 11, 2011, for him to file a response that addresses those issues raised by the motions to dismiss. This is NOT a stay of the proceedings to allow the addition of any new

>parties to the litigation.  That horse has left the barn.  However, if, following ruling on the substantive issues raised by the current motions to dismiss, anything remains pending in this court, Ginsberg may seek leave to file a motion to amend, adding those parties he believes are indispensible,1 and the defendants will have a chance to respond.  No such motion, however, can be filed until the motions to dismiss have been finally resolved.

2. The overwhelming weight of case law favors permitting Plaintiff to amend at this stage of the proceedings.  The Magistrate-Judge has erroneously ruled that the Plaintiff may not amend nor add parties until the pending motions to dismiss are fully resolved.

3. Under Fed. R. Civ. P. Rule 21, a motion to add a party may be made "at any stage of the action", but it is preferable to move to add a party as early as possible in order to avoid prejudice or delay.  *International Brotherhood of Teamsters v. AFL & CIO*, 32 FRD 441 (ED MICH 1963).

4. Insofar as Rule 21 relates to the addition of parties, it is intended to permit the addition of a person who, through inadvertence, mistake, or for some other reason, was not made a party and whose inclusion as a party is determined to be necessary or desirable.  *Fair Housing Development Fund v. Burke*, 55 FRD 414 (ED NY 1972)A motion under Fed. R. Civ. P. Rule 21 to add parties is addressed to the sole discretion of the court.  *Soler v. G & U Inc.*, 30 FR Serv2d. 913 (SD NY  1980).

5. The general standard by which the court is guided in ruling on a motion to add parties is the same standard of liberality afforded to motions to amend pleadings under Fed. R. Civ. P. Rule 15.  *Fair Housing Development Fund v. Burke*, 55 FRD 414 (ED NY 1972); *Rollins Burdick Hunter Inc. v. Lemberger*, 105 FRD 631 (ED WIS 1985). *Finnern v. Sunday River Skiway Corp.,* 984 F.2d 530, 535 (1st Cir. 1993).

6. Although a matter of discretion, *Finnern,* supra, 984 F.2d at 536, the court is mandated by the Federal Rules to freely give leave to amend, and the United States Supreme Court has further reinforced the importance of this rule. See *Foman v. Davis,*

371 U.S. 178, 182 (1962).  Federal Rule of Civil Procedure 15(a) provides that: ***"a party may amend its pleading only with … the court's leave.  The court should freely give leave when justice so requires."***

     WHEREFORE, Plaintiff respectfully requests that the court issue an order modifying the Magistrate-Judge's recommended ruling so as not to preclude the filing of a Motion to Amend and Amended Complaint as a response to one or more of the pending Motions to Dismiss, or in the alternative, issue an order effectively stating that the Court will not dictate the sequence of pleadings filed by the Plaintiff, and grant such other relief as is equitable and just.

Date: January 8, 2011　　　　　　　　　　/s/ Arthur Ginsberg
　　　　　　　　　　　　　　　　　　　　ARTHUR GINSBERG
　　　　　　　　　　　　　　　　　　　　10 Glendale Drive
　　　　　　　　　　　　　　　　　　　　Nashua, New Hampshire 03064
　　　　　　　　　　　　　　　　　　　　603-889-0393
　　　　　　　　　　　　　　　　　　　　aginsberg@comcast.net

_____

### CERTIFICATE OF SERVICE

     I hereby certify that the foregoing objection was electronically served through ECF on all parties of record.

Date: January 8, 2011　　　　　　　　　　/s/ Arthur Ginsberg

3