# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ARTHUR GINSBERG ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES L. DeHART, ) | |
| JOHN P. GRIFFITH, ) | |
| LANDYA B. McCAFFERTY, ) | |
| MARGARET H. NELSON, ) | |
| DIANE M. NICOLOSI, ) | |
| MAX DOES 1 through 12, )  | Case No. 1:10-CV- 452-DAW |
| MAXINE DOES 1 through 12, ) | |
| NED ZOES 1 through 12, ) | |
| NADINE ZOES 1 through 12 ) | |

### PLAINTIFF'S OBJECTION TO THE MOTION TO DISMISS FILED BY DEFENDANT JOHN P. GRIFFITH

NOW COMES Plaintiff, ARTHUR GINSBERG, appearing in his pro-se capacity, and respectfully files this objection to the Motion To Dismiss filed by Defendant John P. Griffith (Doc. 15).  In support thereof Plaintiff states as follows:

1.      Plaintiff has simultaneously filed a Motion Seeking Leave to File Amended Complaint, and attaching Plaintiff's Proposed First Amended Complaint. Because that Proposed First Amended Complaint addresses issues raised by the pending motions to dismiss, it should now be considered by the Court when ruling on Defendant Griffith's motions to dismiss.

2.      To set forth a claim under Title 42 U.S.C. § 1983, a plaintiff must allege (i) interference with a constitutionally protected right, by (ii) someone acting under the color of state law.  *Malachowski v. City of Keene*, 787 F.2d 704 (1st Cir. 1986). "It is, by this time, well settled that neither section 1983 nor the Fourteenth Amendment reaches private actions." *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 95 (1st Cir. 1990).  In general, an attorney's conduct is not considered to be "under color

of state law." *Malachowski*, 787 F.2d at 710.  "A private attorney who is sued for actions allegedly taken as court-appointed counsel does not act under color of state law."); *see also Broadley v. Hardman*, 301 Fed.Appx. 4, 2008 WL 5158898 (1st Cir. Dec. 10, 2008) (issuance of subpoena by private attorney was not under color of state law).

3. In cases where a private party is charged with a § 1983 violation, the claimant must allege that either (i) the financial or regulatory relationship between the state and the private actor is sufficiently strong that the private entity's actions are deemed to be the actions of the state; (ii) the private actor allegedly exercised an exclusively public function; or (iii) a symbiotic relationship existed between the state and the private actor.  *Penney v. Town of Middleton*, 888 F.Supp. 332, 341 (D. N.H. 1994) (citing *Rodriguez-Garcia*, 904 F.2d at 96-7).

4. Plaintiff's First Amended Complaint sets forth facts demonstrating a corrupt relationship between a State Agency, the New Hampshire Supreme Court Attorney Discipline System (NHADS) and Defendant John P. Griffith.  Specifically, Griffith had repeatedly made false statements of material facts to a New Hampshire tribunal (violating *N.H.R. Prof. Conduct* 3.3(a)(1))  and the NHADS refused to hold Griffith accountable.  It may therefore be concluded that a symbiotic relationship existed between the state (NHADS) and a private actor (Griffith).

5. The Plaintiff submits that when a State Agency acts in a corrupt manner for the sole benefit of a private actor, the private actor can be charged with a Title 42 U.S.C. § 1983 violation.  "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of Section 1983 actions." Dennis v. Sparks, 449 U.S. 24, at 27-28 (1980).

6. Defendant Griffith's submission concerning the statute of limitations is incorrect because Griffith's violations of Plaintiff's civil rights consisted of a series of overt acts.  Under the continuing violations doctrine, the applicable statute of limitations did not begin to run until the last overt act accrued.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter an order denying Defendant Griffith's Motion to Dismiss.

B. Grant such other relief as is just and equitable.

                                                                Respectfully submitted,

January 11, 2011                       /s/ Arthur Ginsberg
                                                                 Arthur Ginsberg
                                                                 10 Glendale Drive
                                                                 Nashua, NH 03064-1634
                                                                 (603) 889-0393
                                                                 aginsberg@comcast.net

---

### CERTIFICATE OF SERVICE

I, Arthur Ginsberg, hereby certify that on this January 11, 2011, I served copies of the foregoing Response to Motion on all Counsel of Record by ECF.

                                                                 /s/ Arthur Ginsberg
                                                                 Arthur Ginsberg
                                                                 10 Glendale Drive
                                                                 Nashua, NH 03064-1634
                                                                 (603) 889-0393
                                                                 aginsberg@comcast.net