# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ARTHUR GINSBERG )<br>)<br>v.     )<br>)<br>JAMES L. DeHART,     )<br>JOHN P. GRIFFITH,     )<br>LANDYA B. McCAFFERTY,     )<br>MARGARET H. NELSON,     )<br>DIANE M. NICOLOSI,     )<br>MAX DOES 1 through 12,     )<br>MAXINE DOES 1 through 12,     )<br>NED ZOES 1 through 12,     )<br>NADINE ZOES 1 through 12,     ) | Case No. **1:10-cv-00452** |

## PLAINTIFF'S OBJECTION TO THE STATE DEFENDANTS MOTION TO DISMISS (DOC. 14)

NOW COMES Plaintiff, appearing in his pro-se capacity, and hereby objects to the State Defendants' (James L. DeHart, Landya B. McCafferty, Margaret H. Nelson and Diane M. Nicolosi) Motion to Dismiss (Doc. 14). In support thereof, the Plaintiff states:

1. As a partial response the State Defendants' Motion to Dismiss, Plaintiff has filed a motion seeking leave to file his Proposed First Amended Complaint. (Doc. 29)

2. Plaintiff's motion for leave to file his first amended complaint has not been objected to by the State Defendants and is now ripe for the Court's attention.

3. Due to the standard of liberality afforded to motions to amend pleadings under Fed. R. Civ. P. Rule 15.  Please see _Fair Housing Development Fund v. Burke_, 55 FRD 414 (ED NY 1972); _Rollins Burdick Hunter Inc. v. Lemberger_, 105 FRD 631

(ED WIS 1985), it is clear that the Court will likely allow and docket Plaintiff's First Amended Complaint.

4. Plaintiff has set out facts that tend to establish a cover up orchestrated by Defendant Griffith, the State Defendants and assisted by a corrupt former Chief Juukeg of the New Hampshire Supreme Court. (Hence, the addition of David A. Brock as a necessary Defendant.)

5. The State Defendants urge the Court to rule that they are protected by the doctrine of absolute judicial immunity, or minimally, qualified immunity. However, the State Defendants do not adequately explain why the Plaintiff was denied effective access to the Courts when a plethora of corrupt acts effectively awarded Defendant Griffith for his repeated presentation of falsifications to the New Hampshire Courts.

6. The possibility that the right of access to the courts is not based solely on due process was raised by an important Fifth Circuit case, <u>Ryland v. Shapiro</u>, 708 F.2d 967 (5th Cir. 1983). In that case, defendant prosecutors were denied immunity after a cover up designed to protect another prosecutor who had killed the plaintiff's daughter was discovered (conferring absolute immunity *"would make a mockery of the judicial system."*) The prosecutors had used their official status to delay and compromise the murder investigation for almost a year. The Fifth Circuit held that plaintiffs stated a cause of action under Title 42 U.S.C. section 1983 for wrongful and intentional interference with their access to the state courts to pursue a wrongful death action.

7. A review of relevant case law shows that the right of effective access to the courts is a privilege and immunity of citizenship protected by Article IV of the Constitution, by the First Amendment right to petition, and by the due process clause.

8. Clearly, the Defendant's machinations (which will become clearer during discovery) allowed Defendant Griffin to be effectively exonerated after committing the wrongful acts of repeatedly lying to the Court.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter an order denying the State Defendant's Motion to Dismiss, and

B. Allow the Plaintiff's First Amended Complaint, and Grant such other relief as is just and equitable.

Respectfully submitted,

Dated: February 2, 2011                                 /s/ Arthur Ginsberg
                                                        Arthur Ginsberg
                                                        10 Glendale Dr.
                                                        Nashua, NH 03064
                                                        aginsberg@comcast.net

_____

### CERTIFICATE OF SERVICE

I, Arthur Ginsberg hereby certify that on this 2nd day of February 2011, I served copies of the foregoing Motion on all Counsel of Record via ECF.

                                                        /s/ Arthur Ginsberg
                                                        Arthur Ginsberg

3