## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ARTHUR GINSBERG | ) |
|  | ) |
| v. | ) |
|  | ) |
| JAMES L. DeHART, | ) |
| JOHN P. GRIFFITH, | ) |
| LANDYA B. McCAFFERTY, | )   Case No. **1:10-cv-452-DBH** |
| MARGARET H. NELSON, | ) |
| DIANE M. NICOLOSI, | ) |
| MAX DOES 1 through 12, | ) |
| MAXINE DOES 1 through 12, | ) |
| NED ZOES 1 through 12, | ) |
| NADINE ZOES 1 through 12, | ) |

### PLAINTIFF'S MOTION FOR RECONSIDERATION AND ARTICULATION

NOW COMES Plaintiff, appearing in his pro-se capacity, and hereby respectfully requests that this Court articulate the basis requiring Chief Judge John A. Woodcock, Jr. to suddenly recuse himself on June 27, 2011. Additionally, the Plaintiff requests that Judge D. Brock Hornby further articulate his June 28, 2011 order and explain how he was able to read the entire record of more than five hundred pages and make a de novo determination in less than one day after being assigned this case. In support of the foregoing requests, the Plaintiff states:

After all Judges in the New Hampshire Federal District recused themselves, this case was referred to the Federal District of Maine and assigned to Chief Judge John A. Woodcock, Jr. on October 18, 2010. Chief Judge Woodcock continued to preside, issuing an order on December 8, 2010 (Doc. 25) striking Plaintiff's Motion (Doc. 21) from the Court's docket.

On March 22, 2011, Magistrate-Judge Margaret J. Kravchuk (assigned by Chief Judge John A. Woodcock, Jr.) issued a Report and Recommendation, recommending dismissal of this case (Doc. 35).

On April 5, 2011, Plaintiff filed an Objection (Doc. 36) to the Report and Recommendation.

On June 17, 2011, Plaintiff filed a motion (Doc. 37) requesting the court to rule on his April 5, 2011 Objection to the Report and Recommendation.

On June 27, 2011, ten days following Plaintiff's request for a ruling, Chief Judge John A. Woodcock, Jr. suddenly recused himself from presiding in this case, and did so without articulating any basis for his action, other than to generically state that: "In accordance with the provisions of 28 U.S.C. § 455, I hereby recuse myself from presiding over the proceedings in this matter."

The Plaintiff, and after the Plaintiff lodges his appeal, the First Circuit Court of Appeals are without knowledge which of the many circumstances specified by Title 28 U.S.C. § 455 caused Chief Judge John A. Woodcock, Jr. to recuse himself after failing to do so for 252 days [or 8 months and 9 days] since he was originally assigned to preside on October 18, 2010.

On June 28, 2011, one day after he was assigned to preside over this case, Judge D. Brock Hornby issued an order, stating in appropriate part, that:

> I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, and determine that no further proceeding is necessary.

The entire record ostensibly reviewed in less than one day by Judge D. Brock Hornby contains more than five hundred (500) pages!  Clearly, Judge

D. Brock Hornby could not have actually reviewed the entire record, nor could he have truly conducted a ***de novo*** determination.

Due to the nature of this motion, Plaintiff has not made an effort to obtain concurrence in the relief sought by this motion.

A memorandum of law is not required because the relief sought by this motion is totally within the sound discretion of this Court.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court articulate the actual circumstance (specified by Title 28 U.S.C. § 455) that required Chief Judge John A. Woodcock, Jr. to suddenly recuse himself on June 27, 2011, and the Plaintiff further respectfully requests that Judge D. Brock Hornby further articulate his June 28, 2011 order and explain how he was able to read the entire record of more than five hundred pages and make a de novo determination in less than one day after being assigned this case, and that this Honorable Court grant such other relief as is just and equitable.

                                                              Respectfully submitted,

Dated:  July 8, 2011                    /s/ Arthur Ginsberg
                                                      Arthur Ginsberg
                                                      10 Glendale Dr.
                                                      Nashua, NH 03064
                                                      aginsberg@comcast.net

## **CERTIFICATE OF SERVICE**

 I, Arthur Ginsberg, hereby certify that on this 8th day of July 2011, I served copies of the foregoing Motion For Reconsideration And Articulation on all Counsel of Record via ECF.

            /s/ Arthur Ginsberg
            Arthur Ginsberg