**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| Arthur Ginsberg | * | |
| | * | |
| v. | * | |
| | * | |
| James L. DeHart, | * | |
| John P. Griffith, | * | Case No. 10-cv-452-DBH |
| Landya B. McCafferty, | * | |
| Margaret H. Nelson, | * | |
| Diane M. Nicolosi, | * | |
| Max and Maxine Does 1-12, | * | |
| Ned and Nadine Zoes 1-12 | * | |
| | * | |

*******************************

**OBJECTION TO MOTION FOR RECONSIDERATION AND ARTICULATION**

Defendants James L. DeHart, Margaret H. Nelson, Landya B. McCafferty, and Diane M. Nicolosi (collectively "NH ADO Defendants") hereby submit this objection to the plaintiff's motion for reconsideration and articulation. In support thereof, the NH ADO Defendants state as follows:

1. Plaintiff has not cited the authority under which he brings this motion. However, regardless of whether this is a motion under Fed. R. Civ. P. Rule 59(e) or Rule 60, plaintiff has not met the standard required of showing mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or any other reason justifying relief from the judgment. Under Rule 59(e) this court has described the standard as "Insofar as Rule 59(e) motions are aimed at reconsideration, not initial consideration," *Jorge Rivera Surrillo & Co., Inc. v. Falconer Glass Industries, Inc.,* 37 F.3d 25, 29 (1st Cir. 1994) (quoting *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (internal citations and quotations omitted) such motions "may not be used to argue a new legal theory" but rather "must either clearly establish a manifest error of law or must

present newly discovered evidence." *Id.* The First Circuit has indicated that the results under Rule 59(e) and Rule 60 are likely to be similar. *See Cintron-Lorenzo v. Departamento de Asuntos del Consumi*dor, 312 F.3d 522, 527 (1st Cir. 2002). The First Circuit has also emphasized that granting of reconsideration is not to be given lightly. "We have made it transparently clear that relief under Rule 60(b) 'is extraordinary in nature.' *Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir. 2002). Accordingly, 'motions invoking that rule should be granted sparingly.'" *Cintron-Lorenzo*, *Id.*

2. Although styled partly as a motion for reconsideration, the motion makes no mention of reconsideration and does not meet the standards for reconsideration set forth above. The motion also requests no relief with respect to reconsideration. For these reasons, the plaintiff has clearly failed to meet the requirements of the applicable rules related to reconsideration.

3. The entirety of the plaintiff's motion pertains to what the plaintiff has referred to as "articulation."

4. The plaintiff cites to no rule or law that requires articulation of the circumstances of recusal in the manner demanded by the plaintiff.

5. The plaintiff's motion also contains no factual support for his allegation that Judge Hornby could not have adequately reviewed the case file prior to making a decision other than the plaintiff's own conclusions based on the dates of the recusal orders and final court order.

6. Finally, the plaintiff failed to identify any error that resulted from the alleged inadequate time allotted for review by Judge Hornby.

7. Therefore, the plaintiff has provided no basis for the relief requested or any other similar relief.

8. No memorandum of law is required as the relevant authority is cited herein.

WHEREFORE, the NH ADO Defendants respectfully submit that the plaintiff's motion for reconsideration and articulation be denied and for such other relief and may be just and necessary.

                                                Respectfully submitted,

                                                JAMES L. DEHART,
                                                MARGARET H. NELSON
                                                LANDYA B. MCCAFFERTY
                                                DIANE M. NICOLOSI

                                                By their attorney,

                                                MICHAEL A DELANEY
                                                ATTORNEY GENERAL

Dated: July 15, 2011                /s/ K. Allen Brooks
                                                K. Allen Brooks, Bar No. 16424
                                                Senior Assistant Attorney General
                                                33 Capitol Street
                                                Concord, N.H. 03301-6397
                                                Telephone: (603) 271-3650
                                                allen.brooks@doj.nh.gov

## Certificate of Service

Dated: July 15, 2011

I hereby certify that a copy of the foregoing was served via first class mail to: all counsel of record via ECF.

                                                /s/ K. Allen Brooks
                                                K. Allen Brooks, Bar No. 16424