IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ARTHUR GINSBERG )<br>)<br>     v.             )<br>)<br>JAMES L. DeHART,         )<br>JOHN P. GRIFFITH,         )<br>LANDYA B. McCAFFERTY, )<br>MARGARET H. NELSON,   )<br>DIANE M. NICOLOSI,       )<br>MAX DOES 1 through 12,    )<br>MAXINE DOES 1 through 12, )<br>NED ZOES 1 through 12,     )<br>NADINE ZOES 1 through 12, ) | Case No. **1:10-cv-452-DBH** |

### PLAINTIFF'S PROPOSED REPLY MEMORANDUM
### TO THE OBJECTION (DOC. 43)
### FILED ON JULY 15, 2011 BY THE NH ADO DEFENDANTS

    NOW COMES Plaintiff, appearing in his pro-se capacity, and hereby respectfully files this reply memorandum to the objection (Doc. 43) filed on July 15, 2011 by the NH ADO DEFENDANTS. (Defendants James L. DeHart, Landya B. McCafferty, Margaret H. Nelson, and Diane M. Nicolosi). In support thereof, the Plaintiff argues –

    I. **BACKGROUND ON RECUSAL**

    Chief Judge John A. Woodcock, Jr. suddenly recused himself on June 27, 2011 after sitting on this case for more than 8 months and issuing an order on December 8, 2010.

    Recusal is the process under which a judge is excused or disqualifies himself or herself from presiding over a case in which he or she may have an interest or may be unduly prejudiced. This obligation to recuse is not limited to those instances where a party makes a motion; rather, it also places a

burden on a judge to sua sponte identify those circumstances where recusal may be appropriate. <u>Liteky v. U.S.</u>, 510 U.S. 540, 548 (1994). Title 28 United States Code § 455[1] codified this doctrine and states in pertinent part:

> § 455. Disqualifications of justice, judge or magistrate.
> (a) Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . [2]

## II. **WHEN IS RECUSAL WARRANTED?**

Recusal is not a tool which parties and judges can arbitrarily invoke to rid themselves of unpleasant or difficult cases. Rather, recusal is mandated only in certain clearly delineated instances. Indeed, **judges have *an obligation not to recuse themselves*** in certain circumstances. *See* <u>Laird v. Tatum</u>, 409 U.S. 824, 837 (1972) (holding "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified") (and cases cited therein); <u>Nichols v. Alley</u>, 71 F.3d 347, 351 (10th

---

[1] This section of title 28 is not the only section relating to recusals; 28 U.S.C. § 144 also addresses the issue of judicial bias. Section 144, however, is an older section of the code which requires a judge to examine the issue of recusal upon a party's filing of an affidavit. Section 455 is not only broader in scope but is the more commonly used section. Moreover, it does not require a motion by a party to be invoked.

[2] This section parallels Canon 3(E)(1) of the American Bar Association's Code of Judicial Conduct which states:
E. Disqualification.
(1) A judge shall disqualify himself or herself in a proceedings in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of a disputed evidentiary facts concerning the proceeding; . . .

Cir. 1995) ("Further, we are mindful that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.") (and cases cited therein); United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) ("A second policy is that a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."); Martin-Trigona v. Lavien, 573 F. Supp. 1237, 1243 (D. Conn. 1983) ("There is an obligation on the part of a judge to decline to recuse himself for a 'relatively trivial reason.'"); Sexson v. Servaas, 830 F. Supp. 475, 482 (S.D. Ind. 1993) (finding "a judge's duty not to recuse when confronted with a motion that has little basis in reality, both factual and legal, is as strong as the duty to recuse"); *but see* United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989) (holding that § 455 eliminated the doctrine of "duty to sit").[3] This obligation is to prevent parties from using recusal as an excuse to judge or forum shop, as well as to preserve the integrity of the judicial process. *See* Martin-Trigona, 573 F. Supp. at 1242 (claiming "the right to an impartial judge cannot be advanced so broadly as to permit the parties to engage in 'judge-shopping' under the guise of a motion to recuse . . . or to permit a litigant to disqualify without reasonable grounds a succession of

---

[3] When Congress amended § 455 in 1974 to create an objective standard for recusal, its intent was to "promote public confidence in the impartiality of the judicial process . . . ." H. R. Rep. No. 93-1453, 1974 at 6355. Congress, by clarifying § 455, attempted to remove the old "duty to sit" doctrine, a subjective test which required "a judge, faced with a close question on disqualification, was urged to resolve the issue in favor of a 'duty to sit.'" Id. Congress cautioned, however that "the new test [objective test] should not be used by judges to avoid sitting on difficult or controversial cases . . . Disqualification for lack of impartiality must have a reasonable basis. Nothing in this proposed legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a 'reasonable fear' that the judge will not be impartial. Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice." Id. Accordingly, **judges continue to have a duty not to disqualify themselves without a reasonable basis.**

judges for the apparent purpose of impeding the administration of justice") (*citing* United States v. Boffa, 513 F. Supp. 505, 508 (D. Del. 1981)); In re Parr, 13 B.R. 1010 (E.D.N.Y. 1981)); *see also* Greenough, *supra* at 1558 ("If this [unsubstantiated recusal] occurred, the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges."); *see also* Laird, *supra*; United States v. Kanahele, 951 F. Supp. 921, 925 (D. Haw. 1995), *dismissed in part, aff'd in part*, 103 F.3d 142 (1996).

**The test for determining whether recusal is an appropriate remedy is an objective one**. Under this standard, a judge should recuse him or herself when it would appear to a reasonable person, knowing all the relevant facts, that a judge's impartiality might reasonably be questioned. *See* Liteky v. U.S., *supra*; Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988); US v. Winston, 613 F.2d 221 (9th Cir. 1980); Davis, 517 F.2d at 1052.  Moreover, the Supreme Court has found that prejudice or bias stemming from an "extrajudicial source," although not required for recusal, is significant and often determinative in establishing grounds for recusal. Liteky v. U.S., *supra*.  As one court concisely put it, "the negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." U.S. v. Balistrieri, 779 F.2d 1191, 1201 (7th Cir. 1985), *cert. denied*, 477 U.S. 908 (1986).

### III. WHEN IS A RULING ARBITRARY AND CAPRICIOUS?

Judge D. Brock Hornby was assigned to this case on the same day Chief Judge John A. Woodcock, Jr. recused himself. In less than a day, Judge D.

Brock Hornby made a full review of an entire record of more than five hundred (500) pages and a *de novo* determination of all matters previously adjudicated by the Magistrate-Judge's Recommended Decision.

A Judge's decision can be arbitrary and capricious if: it does not examine relevant evidence; it fails to articulate a satisfactory explanation for its conclusions, including a rational connection between the facts found and the choice made; it does not consider relevant factors; it reflects a clear error of judgment; it fails to consider an important aspect of the case; it offers an explanation for the decision that runs contrary to the record evidence; or it is so implausible that it cannot be ascribed to a mere difference of opinion. *See,* Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 43 (1983).

The scope of review under the "arbitrary and capricious" standard is indeed narrow, and a reviewing court is not to substitute its judgment for that of the trial court. Nevertheless, the trial court must examine the relevant data and articulate a satisfactory explanation for its action, including a "rational connection between the facts found and the choice made." Burlington Truck Lines, Inc. v. United States, 371 U. S. 156, 371 U. S. 168 (1962). In reviewing that explanation, this court is urged to "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U. S. 281, at 285 (1974); Citizens to Preserve Overton Park v. Volpe, 401 U. S. 402, at 416 (1971).

IV.  CONCLUSION

Federal Judges undoubtedly have a duty not to disqualify themselves without a reasonable basis. (See relevant case authorities previously cited.) It

is therefore obvious that a Federal Judge, who decides to sua sponte disqualify himself, must provide the basis for recusal as delineated and mandated by Title 28 U.S.C. § 455(b).

And, it would be unequivocally implausible to believe that a Federal Judge was able to accomplish in less than one (1) day a full review of an entire record of more than five hundred (500) pages <u>and</u> a *de novo* determination of all matters previously adjudicated by the Magistrate-Judge's Recommended Decision.

Respectfully submitted,

Dated:  July 26, 2011                    /s/ Arthur Ginsberg
                                         Arthur Ginsberg
                                         10 Glendale Dr.
                                         Nashua, NH 03064
                                         aginsberg@comcast.net

---

## CERTIFICATE OF SERVICE

I, Arthur Ginsberg, hereby certify that on this 26th day of July 2011, I served copies of the foregoing Proposed Reply Memorandum on all Counsel of Record via ECF.

/s/ Arthur Ginsberg
Arthur Ginsberg