# United States Court of Appeals
## For the First Circuit

No. 11-1893

ARTHUR GINSBERG,

Plaintiff, Appellant,

v.

JAMES L. DEHART, ET AL.,

Defendants, Appellees.

---

Before

Torruella, Boudin and Lipez,
<u>Circuit Judges</u>.

---

JUDGMENT

Entered:  June 20, 2012

      Plaintiff-appellant Arthur Ginsberg, pro se, appeals the district court's Rule 12(b)(6) dismissal of his claims against John P. Griffith, a New Hampshire attorney, and several individuals serving in the New Hampshire Attorney Disciplinary Office and Professional Conduct Committee (collectively, the Disciplinary Defendants).  Appellant's claims, brought under 42 U.S.C. § 1983, arose from his dissatisfaction with the manner in which the professional misconduct grievance he filed against Griffith was handled.  Appellant challenged the validity of certain New Hampshire Supreme Court Rules relating to processing, review and public access of records of disciplinary proceedings and alleged that defendants wrongfully "relied on" those "unconstitutional provisions"; he also made conclusory allegations of misconduct, suggesting that defendants somehow conspired to deprive him of his constitutional rights.  Defendant Griffith moved to dismiss based on the applicable statute of limitations, and the Disciplinary Defendants argued that they were entitled to sovereign, absolute and/or qualified immunity.  Essentially for the reasons set forth in the magistrate judge's March 22, 2011, Recommended Decision, which was adopted by the district court, we affirm the dismissal of appellant's claims.

**I. Standard of Review**

      We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded facts

in the complaint and making all reasonable inferences in the plaintiff's favor. Boroian v. Mueller, 616 F.3d 60, 64 (1st Cir. 2010). In order to survive a motion to dismiss, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, a court need not accept a complaint's allegations as true if they are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" Id. In reviewing the district court's decision, "[w]e are not wedded to the lower court's rationale, but may affirm the order of dismissal on any ground made manifest by the record." Román-Cancel v. United States, 613 F.3d 37, 41 (1st Cir. 2010).

## II. Merits

### A. Appellant's Arguments

Although appellant mentions the district court's determination that the Disciplinary Defendants were entitled to various forms of immunity in the statement of issues included in his brief on appeal, he does not develop any argument on those issues. Instead, he focuses on the issues raised in his post-judgment "Motion for Reconsideration and Articulation," arguing that Judge Woodcock failed to provide an adequate explanation for his sua sponte recusal and that Judge Hornby could not have had adequate time to review the record in the time he had the case. He also devotes a large portion of his brief to a discussion of substantive First Amendment law, arguing that the First Amendment provides a right to petition and a right of access to docketed and undocketed judicial and attorney grievances. These arguments fail to present any substantial issue for review.

Appellees argue that the issues raised in the Motion for Reconsideration are not within the scope of our review because appellant did not file a separate or amended notice of appeal after the Motion was decided. See Fed. R. App. 4(a)(4)(B)(ii). We need not decide whether the issues are properly before us because they do not warrant relief from judgment in any event. Appellant does not allege that he was unfairly prejudiced by the recusal, and judges have no obligation to provide a statement of reasons for sua sponte recusal. United States v. Casas, 376 F.3d 20, 23 (1st Cir. 2004). Nor were the issues presented by the case so complex that it is implausible to believe that the district court could have reviewed the magistrate's recommendation and the record in a day.

Appellant's First Amendment arguments also fail to present any substantial issue for review because, to the extent that he seeks money damages, his claims are foreclosed by defendants' affirmative defenses, and appellant has failed to establish a basis for liability in any event. To the extent that appellant seeks declaratory and injunctive relief, he has failed to demonstrate that his First Amendment rights were violated or that the New Hampshire Supreme Court Rules are unconstitutional.

### B. Griffith

#### a. Statute of Limitations

The district court concluded that the claims against Griffith were barred by the statute of limitations. Appellant does not address this determination on appeal and has therefore waived review of the issue, but there is no basis for appeal in any event. Appellant's federal civil rights claims are subject to New Hampshire's three-year statute of limitations for personal injury claims. See Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir. 2008); McNamara v. City of Nashua, 629 F.3d 92, 95 (1st Cir. 2011). The claim accrues on "the date when the potential plaintiff knew or should have known that she was harmed." Cao, 525 F.3d at 115. Appellant's invocation of the "continuing violation" theory of accrual in an effort to oppose the statute of limitations argument was unavailing because he did not identify any harm that occurred after January 4, 2007, when the New Hampshire Supreme Court denied reconsideration of its ruling on appellant's petition for review of the disciplinary proceeding against Griffith. Since the federal complaint was filed in October 2010, more than three years after that ruling, the district court's determination that the federal claims were barred by the statute of limitations is unassailable.

### b. Griffith was not a State Actor

Even if the claims against Griffith are not time-barred, the allegations are insufficient to establish that he was a state actor as required to subject him to liability under § 1983. See, e.g., Soto-Padro v. Public Bldgs. Auth., 675 F.3d 1, 4 (1st Cir. 2012) ("A claim for relief under section 1983 requires a showing of two elements--first, that the plaintiff was deprived of either a federal constitutional or statutory right, and, second, that the deprivation was carried out by a defendant acting under color of state law"). While appellant suggests that the Disciplinary Defendants dismissed the grievance against Griffith because Griffith acted as an attorney for the Professional Conduct Committee, the complaint does not contain any specific allegations of misconduct by Griffith in any official capacity. Instead, it alleges that Griffith engaged in misconduct in his role as appellant's ex-wife's private divorce attorney. The state action requirement therefore is not met. See Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986) ("[a] private attorney sued for actions allegedly taken as court-appointed counsel does not act under color of state law").

### C. Disciplinary Defendants

Since the Disciplinary Defendants did not raise a statute of limitations defense, we proceed to the merits. As noted, appellant asserted that the Disciplinary Defendants violated his civil rights by "rel[ying] on" the New Hampshire Supreme Court Rules that (1) protect work product of the ADO complaint screening committee from public disclosure, (2) limit retention of disciplinary records to a few years, and (3) provide for the maintenance of an index of docketed but not undocketed grievances. The district court concluded that the Disciplinary Defendants were entitled to sovereign immunity with respect to the official-capacity claims for money damages, and that they were entitled to absolute and/or qualified immunity with respect to the personal-capacity claims.

Appellant does not appear to press the official-capacity § 1983 claims against defendants on appeal, and the district court's determination that defendants were entitled to sovereign immunity with respect to those claims is unassailable in any event. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003). The district court also correctly determined that defendants were entitled to absolute prosecutorial,

judicial and/or quasi-judicial immunity with respect to the personal-capacity § 1983 claims against them because appellant failed to allege that defendants took any action outside the scope of their duties in investigating and disposing of appellant's professional misconduct grievance.  See Coggeshall v. Mass. Bd. of Regist. of Psychologists, 604 F.3d 658, 663 (1st Cir. 2010) (holding that the members of a professional regulatory board are "functionally comparable" to judges and have quasi-judicial immunity); Wang v. New Hampshire Bd. of Regist. in Med., 55 F.3d 698, 701 (1st Cir. 1995) ("state officials performing prosecutorial functions . . . are entitled to absolute immunity").  See also N.H. Sup. Ct. R. 37(7) (providing that Professional Conduct Committee "members, staff, counsel and all others carrying out the tasks and duties of the Attorney Discipline System shall be immune from civil liability for any conduct arising out of the performance of their duties").

The Disciplinary Defendants were also entitled to qualified immunity with respect to the claims for money damages because appellant cannot demonstrate that their reliance on the New Hampshire Supreme Court Rules violated clearly established law.  Appellant does not contend that he was in any way prevented from making public his complaints against Attorney Griffith; instead, he argues that the New Hampshire Supreme Court Rules limiting access to records of disciplinary proceedings violate the First Amendment right of access to judicial proceedings and documents under the standards set forth in Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13 (1986) (Press-Enterprise II).  But as this court noted in In re Boston Herald Inc., 321 F.3d 174, 182-83 (1st Cir. 2003), the full scope of the constitutional right of access is not settled in the law and categories of documents have been considered on a case-by-case basis, producing a list of proceedings and records covered by the First Amendment right of access and a list of those where no such right attaches.  See also El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 494-95 (1st Cir. 1992) ("While the Supreme Court has recognized a qualified First Amendment right of access to records and proceedings connected to the criminal justice system, the Court has never recognized a corresponding right of access to Executive Branch documents" (citations omitted)).  There is no Supreme Court precedent establishing an absolute right of access to the attorney disciplinary materials sought here, see id.; First Amendment Coalition v. Judicial Inquiry and Review Bd., 784 F.2d 467 (3d Cir. 1986) (restrictions on public access to records of judicial misconduct proceedings did not violate First Amendment), and we conclude that appellant did not establish a First Amendment claim for injunctive.  The claims for injunctive and declaratory relief were properly dismissed.

Finally, to the extent that appellant sought to assert a claim against the defendants 42 U.S.C. § 1985, his conclusory allegations of a civil rights conspiracy were insufficient to state a claim and have not been developed on appeal.

The federal claims having been dismissed, the district court properly declined to exercise supplemental jurisdiction over the state law claims.  Affirmed. 1st Cir. Loc. R. 27.0(c).

                By the Court:
                /s/ Margaret Carter, Clerk.

cc: Arthur Ginsberg, K. Allen Brooks, Mary Maloney, Richard Nelson